IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
PHILADELPHIA DIVISION

| | |
|---|---|
| **WOON YONG LEE,**<br><br>**Plaintiff,**<br><br>-v-<br><br>**EQUIFAX INFORMATION SERVICES, LLC, and CITIBANK, N.A.,**<br><br>**Defendants.** | Civil Case Number:<br><br><u>**CIVIL ACTION**</u><br><br>**COMPLAINT**<br>**AND**<br>**DEMAND FOR JURY TRIAL** |

## **INTRODUCTION**

1. Plaintiff, Woon Yong Lee, brings this action under the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq*. (the "FCRA") alleging that Equifax Information Services, LLC (Equifax), and Citibank, N.A. ("Citibank") have negligently and recklessly disseminated false information regarding the Plaintiff's credit.

2. Plaintiff further alleges that Equifax failed to follow reasonable procedures to ensure maximum accuracy of credit reports they prepared concerning Plaintiff and failed to investigate credit report inaccuracies in response to Plaintiff's disputes.

3. Plaintiff seeks statutory, actual, and punitive damages, along with injunctive and declaratory relief, and attorneys' fees and costs.

## **JURISDICTION**

4. The Court has jurisdiction of this matter under 28 U.S.C. § 1331 and 15 U.S.C. § 1681p. Defendants regularly conduct business within the state of Pennsylvania and violated Plaintiff's rights under the FCRA in the state of Pennsylvania as alleged more fully below.

5. Venue is proper this district under 28 U.S.C. 1391(b) because Plaintiff resides in this district, Defendant conducts business in this district, and communications giving rise to this action occurred in this district.

## PARTIES

6. Plaintiff, Woon Yong Lee ("Plaintiff"), is a resident of Montgomery County, Pennsylvania and is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

7. Defendant Equifax Information Services, LLC is one of the largest credit reporting agencies in the United States and is engaged in the business of assembling and disseminating credit reports concerning hundreds of millions of consumers. Equifax is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f) of the FCRA, and is regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681a(d)(1) of the FCRA, to third parties.

8. Equifax's principal place of business is 1550 Peach Tree Street, N.W., Atlanta, GA 30309.

9. Defendant Citibank, N.A. is a financial institution with its principal office located at 5800 S. Corporate Place, Sioux Falls, SD 57108.

## FACTUAL ALLEGATIONS

10. Sometime prior to August 2022, Plaintiff noticed that his Equifax credit report reflected that he had an outstanding balance owed to Citibank in the amount of $8,375.00.

11. However, this information is inaccurate because the Plaintiff has no such balance with Citibank. In December of 2021, the Plaintiff obtained a discharge of his debts, including this Citibank debt, via a Chapter 7 bankruptcy.

12. Since the account was discharged in bankruptcy, it could not be reported as currently

having a balance.

13. Plaintiff accordingly disputed this information with Equifax to no avail.

14. Equifax failed to conduct an adequate investigation of the Plaintiff's dispute and continues reporting this inaccurate information to this day.

15. Equifax 'verified' that the reported information was accurate on August 26, 2022.

16. Upon information and belief, Equifax, had all the information they needed to locate, investigate and correct this inaccurate information, but just failed to do.

17. At all times pertinent hereto, Equifax's conduct was willful, and carried out in reckless disregard for a consumer's rights as set forth under section 1681s and 1681i of the FCRA.

18. As a direct and proximate result of the Defendants' willful and/or negligent refusal to conduct a reasonable investigation as mandated by the FCRA, Plaintiff has been harmed in his daily life.  For example, Plaintiff's debt-to-income ratio has been negatively affected by this reported balance.

**COUNT I**
**VIOLATIONS OF THE FAIR CREDIT REPORTING ACT**
**15  U.S.C. § 1681i**
**AGAINST EQUIFAX**

19. All preceding paragraphs are realleged.

20. At all times pertinent hereto, Equifax was a "consumer reporting agency" ("CRA") as that term is defined by 15 U.S.C. § 1681a(c).

21. The FCRA provides that "if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency directly, or indirectly through a reseller, of such dispute, the agency shall, free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed

information, or delete the item from the file in accordance with paragraph (5), before the end of the 30-day period beginning on the date on which the agency receives the notice of the dispute from the consumer or reseller." 15 U.S.C. § 1681i(a)(1)(a).

22. Equifax received the Plaintiff's dispute, as evidenced by its response.

23. However, Defendant Equifax has failed to conduct a reasonable investigation to determine whether the disputed information is accurately and correctly reported on Plaintiff's credit report, despite the expiration of its time to do so.

24. Equifax's conduct was willful, considering the fact that Equifax could have easily verified what the Plaintiff was telling it – that his balance with CITIBANK had been discharged in bankruptcy – but it nevertheless recklessly disregarded that information and failed to conduct an adequate investigation into the Plaintiff's dispute.

25. As a direct and proximate result of Equifax's willful and/or negligent refusal to conduct a reasonable investigation as mandated by the FCRA, Plaintiff has been harmed, as explained above.

## COUNT II
## FAILURE TO ASSURE MAXIMUM POSSIBLE ACCURACY
## 15 U.S.C. § 1681e(b)
## AGAINST EQUIFAX

26. All preceding paragraphs are realleged.

27. Section 1681e(b) of the FCRA requires that, "Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates."

28. Were Equifax to follow procedures to assure maximum possible accuracy of the credit report it prepares concerning Plaintiff, it would have removed the inaccurate information being reported on the Plaintiff's credit report and prevented it from being reported in the first place,

considering that Equifax had actual notice that the Plaintiff's account had been discharged in bankruptcy.

29. Equifax's conduct was willful, considering the fact that Equifax could have easily verified what the Plaintiff was telling it – that his balance with CITIBANK had been discharged in bankruptcy – but it nevertheless recklessly disregarded that information and failed to have adequate procedures in place to prevent the reporting of discharged balances.

30. As a direct and proximate result of Equifax's willful and/or negligent failure to follow procedures to assure maximum possible accuracy of the information it reports, Plaintiff has been harmed, as explained above.

<u>**COUNT III**</u>
**FAILURE TO INVESTIGATE DISPUTE**
**15 USC § 1681s-2(b)**
**AGAINST CITIBANK**

31. All preceding paragraphs are re-alleged.

32. Furnishers of credit information have a duty under the FCRA to investigate disputes from consumers as to the accuracy of information being reported.

33. Plaintiff submitted a written dispute to the credit bureaus disputing the accuracy of the account being reported by CITIBANK.

34. As evidenced by Equifax's response to the Plaintiff, CITIBANK received these disputes.

35. CITIBANK was obligated, pursuant to section 1681s-2(b) of the FCRA to conduct a complete and thorough investigation with respect to Plaintiff's dispute.

36. CITIBANK failed to reasonably investigate Plaintiff's dispute, despite being on actual notice that the Plaintiff's account had been discharged in the Plaintiff's 2023 Chapter 7 bankruptcy.

37. Indeed, CITIBANK's on-going failures to correct Plaintiff's account information is evidence that its investigation into Plaintiff's dispute was deficient.

38. CITIBANK's conduct violated section 1681s-2(b) of the FCRA.

39. Defendant's conduct was both negligent and willful, when the Plaintiff specifically informed CITIBANK that the balance had been discharged in bankruptcy, where CITIBANK had been notified by both the Plaintiff and the bankruptcy court of the bankruptcy, and where the Defendant repeatedly refused to correct its patently inaccurate credit reporting.

40. As a result of the Defendant's conduct, the Plaintiff has been harmed.

## DEMAND FOR TRIAL BY JURY

41. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff demand judgment against Defendants as follows:

A. Awarding Plaintiff actual damages;

B. Awarding Plaintiff statutory damages;

C. Awarding Plaintiff punitive damages;

D. Awarding Plaintiff the costs of this action and reasonable attorneys' fees and expenses;

E. Awarding pre-judgment interest and post-judgment interest;

F. A declaration that Defendants' conduct alleged herein is unlawful, as set forth more fully above;

G. Equitable relief, enjoining Defendants from engaging in the unjust and unlawful conduct alleged herein; and

H. Awarding Plaintiff such other and further relief as this Court may deem just and proper.

Dated: February 13, 2024

/s/ Ari H. Marcus
Ari H. Marcus, Esq.
MARCUS & ZELMAN, LLC
701 Cookman Avenue, Suite 300
Asbury Park, New Jersey 07712
(732) 695-3282 telephone
(732) 298-6256 facsimile
ari@marcuszelman.com
*Attorney for Plaintiff*