**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| WOON YONG LEE | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 24-641 |
| | : | |
| EQUIFAX INFORMATION | : | |
| SERVICES, LLC, ET AL. | : | |

## REPORT OF RULE 26(f) MEETING

In accordance with Federal Rule of Civil Procedure 26(f), counsel for the parties conferred on **June 14, 2024** and submit the following report of their meeting for the Court's consideration:

Date of Rule 16 Conference June 21, 2024       Time of Rule 16 Conference 11:00 a.m.

**1.      Discussion of Claims, Defenses, and Relevant Issues**

You should assume that the Court has read the complaint and is familiar with the claims. However, the facts supporting those claims and defenses are unknown.  Therefore, counsel shall set forth concisely the controlling facts that the parties contend support their claims and defenses.

If counsel contends that one or more issues of fact or law will be dispositive, they should specifically identify such issues.

a) <u>Plaintiff:</u>  Plaintiff's Equifax credit report contains an inaccurate reporting of his Citibank account, which was discharged in Plaintiff's Chapter 7 bankruptcy. Equifax is reporting Plaintiff's discharged Citibank account with an outstanding balance of $8,375.00, when it should be reported with a zero balance. Despite Plaintiff's dispute of this erroneous information, Defendants Equifax and Citibank continue reporting this outstanding balance.

b) <u>Defendant Equifax</u>: Defendant Equifax Information Services LLC ("Equifax") is a consumer reporting agency as that term is defined in the Fair Credit Reporting Act, 15 U.S.C. §1681 et seq. ("FCRA"). Equifax denies Plaintiff's claims and denies that it violated the FCRA. Equifax denies that it failed to

comply with §§ 1681e(b), 1681i, or any other portion of the FCRA, and denies that it is liable to Plaintiff. Equifax specifically states that it maintained reasonable procedures to assure maximum possible accuracy in its credit reports concerning Plaintiff, and that it fully complied with its obligations under the FCRA in its reinvestigations of Plaintiff's disputes. Accordingly, Equifax denies that Plaintiff is entitled to any of the relief sought in the Complaint. Equifax makes this statement without waiving any defense and reserves the right to supplement this statement as the facts are developed.

c) Defendant Citibank:  Plaintiff alleges his Citibank, N.A. ("Citibank") debt was being reported with a balance after bankruptcy, and that Citibank violated the FCRA by failing to reasonably investigate his dispute claiming the debt should be reporting with no balance.  Plaintiff claims he obtained a discharge in December 2021.  Citibank's records show it reported the account with no balance beginning in September 2021 and never reported otherwise thereafter. Moreover, Citibank did not receive notice of Plaintiff's disputes allegedly submitted in 2023.  Plaintiff's claims against Citibank therefore fail.  Moreover, Plaintiff's claims are subject to binding arbitration pursuant to the arbitration agreement contained in the terms and conditions governing any credit card account issued by Citibank to Plaintiff. Citibank reserves the right to compel arbitration of the claims contained in the Complaint pursuant to the applicable agreement agreed to by Plaintiff.  Citibank makes this statement without waiving any defense and reserves the right to supplement this statement as the facts are developed.

2.    **Informal Disclosures**

Except in exceptional cases with a substantial quantity of documents, the parties are expected to have identified and **produced** documents falling within the definition of initial

disclosures under Rule 26(a)(1) in advance of the Conference with sufficient time for opposing counsel to review them and be prepared to address them.

If the parties have not made the Rule 26(a) initial disclosures within the time required by the Court's Order scheduling the pretrial conference, they should explain why not.

The parties will serve their initial disclosures by <u>June 21, 2024.</u>

### 3.    Formal Discovery

Describe the nature, sequence and timing of formal discovery, including any reason why the Court should consider phased discovery.

Estimate the number of depositions and state whether any depositions will occur outside the Eastern District.  State whether third party discovery will be necessary, and identify the source for such discovery.

Identify any areas likely to give rise to disputes as to the proper scope of discovery, including issues of privilege or confidentiality.  If a protective order is requested, counsel should agree on its terms or submit proposed orders for the Court's consideration at the Conference. Discovery should not be delayed by negotiation over the terms of a protective order.

The discovery deadline should normally be no more than 120–150 days from the date of the Rule 16 Pretrial Conference.  If the parties believe there are compelling reasons for a longer period of discovery, state them.

a) <u>Plaintiff:</u>  Plaintiff will seek discovery as to Defendants' policies and procedures; Defendants' investigations of Plaintiff's disputes; and the amount of damages to award Plaintiff. Plaintiff does not believe phased discovery is necessary. Plaintiff does not believe third party discovery is necessary. Plaintiff proposes a discovery deadline of <u>November 21, 2024.</u>

b) <u>Defendant Equifax</u>: Equifax will seek discovery as to whether any information transmitted by Equifax was inaccurate; whether Equifax maintained and followed reasonable procedures in its reporting of Plaintiff's credit information; whether Equifax

conducted reasonable reinvestigations into any disputes submitted by Plaintiff; whether Plaintiff suffered any damages as a result of any action or inaction by Equifax.

c) Defendant Citibank:  If this matter proceeds here and not in arbitration where it belongs, Citibank will seek information related to Plaintiff's disputes, bankruptcy discharge, and other issues raised in the complaint, including the accuracy of the furnished Citibank account information and the reasonableness of the investigation into the dispute. Depending on Plaintiff's discovery requests, potential disputes may arise regarding issues of privilege and confidentiality.  If such issues are implicated, Citibank will seek a protective order to safeguard sensitive information.

**4.      Electronic Discovery**

It is expected that the parties will reach an agreement on how to conduct electronic discovery, including the proper scope of such discovery.  The parties are expected to address procedures to preserve electronically stored information, avoid inadvertent privilege waivers, and determine the form in which electronic information will be produced.  The cost of producing the information must be discussed.  In the event the parties cannot reach such an agreement before the Rule 16 Conference, the Court will enter an order incorporating default standards.  The default order can be viewed at www.paed.uscourts.gov.

**5.      Expert Witness Disclosures**

Submit a proposal on both the timing and the sequence of expert discovery.  Except in unusual circumstances, the Court's scheduling order does not add time for expert depositions. Rather, it provides that any such depositions may be taken at any point until the final pretrial conference.

a) Plaintiff:

   i)      Expert Disclosures: November 13, 2024

ii)    Expert Discovery Completion: <u>January 13, 2025</u>

b) Defendant Equifax:

i.    Expert Disclosures: <u>December 13, 2024</u>

ii.    Expert Discovery Completion: <u>February 13, 2025</u>

c) Defendant Citibank:

i.    Expert Disclosures: December 13, 2024

ii.    Expert Discovery Completion: February 13, 2025

**6.    Insurance Coverage**

The parties shall provide full information about any **potentially** applicable insurance, regardless of any disclaimer or reservation of rights, including the limits of coverage, potential excess coverage, deductibles, self-insured retention (SIR), and whether any deductible or SIR includes payment of counsel fees and costs.

a) <u>Plaintiff:</u>  Plaintiff is unaware of any applicable insurance.

b) <u>Defendant Equifax</u>: Equifax is self-insured as to the claims in this action.

c) <u>Defendant Citibank: Citibank is self-insured as to the claims in this action.</u>

**7.    Settlement or Resolution**

The parties should review Local Rule 53.3 before responding.  Whenever possible, plaintiff or counter-claim plaintiffs should communicate a settlement demand before the Conference. Set forth the parties' discussion about early resolution through ADR, motion or otherwise explain what steps were taken by counsel to advise the client of alternative dispute resolution options.

a) <u>Plaintiff:</u> The parties are actively engaging in settlement discussions.

b) <u>Defendant Equifax</u>: Equifax has received an opening settlement demand from Plaintiff and is in the process of analyzing the demand and preparing a response.

c) <u>Defendant Citibank: Citibank and Plaintiff, through their respective counsel, are currently discussing the potential resolution of the case.</u>

**8.      Trial date**

If a date certain is requested, state the reasons.

**9.      Length of Trial**

State the anticipated length of the trial of this matter.

a) <u>Plaintiff:</u> Plaintiff anticipates the trial will take 3 days.

b) <u>Defendant Equifax: Equifax agrees that 3 days should be sufficient.</u>

c) <u>Defendant Citibank: Citibank is in agreement with Plaintiff and Equifax.</u>

**10.     Other Matters**

Indicate discussion and any agreement on matters not addressed above.

　　　　　　　　　　　　　　　　　　 /s/ Ari H. Marcus
　　　　　　　　　　　　　　　　　Ari H. Marcus, Esq.
　　　　　　　　　　　　　　　　　Attorney for Plaintiff

　　　　　　　　　　　　　　　　　　 /s/ Stacy A. Orvetz
　　　　　　　　　　　　　　　　　Stacy A. Orvetz, Esq.
　　　　　　　　　　　　　　　　　Attorney for Defendant
　　　　　　　　　　　　　　　　　Equifax Information Services, LLC

　　　　　　　　　　　　　　　　　/s/ Daniel J.T. McKenna
　　　　　　　　　　　　　　　　　Daniel J.T. McKenna, Esq.
　　　　　　　　　　　　　　　　　Attorney for Defendant
　　　　　　　　　　　　　　　　　Citibank, N.A.